1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WO OF IDEAFARM,

          Plaintiff,

   v.

MOUNTAIN VIEW POLICE
DEPARTMENT, et al.,

          Defendants.

Case No.  5:16-cv-06270-EJD

**ORDER DENYING PLAINTIFF'S
MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 6

## I.   INTRODUCTION

Plaintiff Wo Of Ideafarm ("Plaintiff") asserts in this action under 42 U.S.C. § 1983 that

Defendant Mountain View Police Department ("MVPD") and two of its officers, S. Nelson and T.

Low, have prevented him from speaking publicly on a sidewalk and street in Mountain View,

California, by arresting him and citing him for violations of California Vehicle Code § 21954(a)

and California Penal Code §§ 370 and 372.[1]  In addition to monetary relief, Plaintiff also seeks

---

[1] Vehicle Code § 21954(a) provides that "[e]very pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway so near as to constitute an immediate hazard."

Penal Code § 370 defines a public nuisance as "[a]nything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any . . . street, or highway . . . ."

1    injunctive relief "so that he can speak during the seven days that remain before the Presidential

2    Election."

3        Presently before the court is Plaintiff's ex parte motion for a temporary restraining order

4    ("TRO"), filed in conjunction with the Complaint.  Dkt. No. 6.  Having carefully considered the

5    matter, the court has determined that Plaintiff's application is both procedurally and substantively

6    deficient.  Accordingly, the motion for a TRO will be denied for the reasons explained below.

7    **II.    LEGAL STANDARD**

8        **A.    Temporary Injunctive Relief**

9        The standard for issuing a TRO is the same as that for the issuance of preliminary

10   injunction.  See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2

11   (1977).  Thus, a TRO, like a preliminary injunction, is "an extraordinary remedy that may only be

12   awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. NRDC, Inc.,

13   555 U.S. 7, 22 (2008).

14       "To obtain a preliminary injunction, the moving party 'must establish that: (1) it is likely to

15   succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary

16   relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.'"

17   Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC

18   v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014)).

19       Alternatively, "'serious questions going to the merits' and a hardship balance that tips

20   sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the

21   plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the

22   public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

23   This articulation represents "one alternative on a continuum" under the "'sliding scale' approach

---

Relatedly, Penal Code § 372 states that "[e]very person who maintains or commits any public nuisance, the punishment for which is not otherwise prescribed, or who willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor."

2

Case No.: 5:16-cv-06270-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY
RESTRAINING ORDER

United States District Court
Northern District of California

to preliminary injunctions employed" by the Ninth Circuit.  Id. at 1131-32.

Whether to grant or deny a TRO or preliminary injunction is a matter within the court's discretion.  See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir. 1979).

### B.   Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor."  McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).  In addition, the court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants."  Id.

### III.   DISCUSSION

Plaintiff requests a TRO embodying several orders, including one permitting MVPD to enforce Penal Code §§ 370 and 372 "only upon actual notice and probable cause and only when that actual notice and probable cause is documented and preserved in the form of two video recordings."  Plaintiff proposes that such video recording must "clearly show . . . an offending act," as well as show the "public right that offending act tends to interfere with unreasonably."  Plaintiff also requests the court order that "every detainee and arrestee and defendant shall be immediately told the specific act, factual context, and public right elements of the offense being alleged" which must be preserved on video for 180 days, and order that detainees and arrestees be given "an opportunity to avoid prosecution by abating the nuisance."  Plaintiff's proposal also states that, while MVPD's failure to preserve video evidence would not prevent prosecution, it would establish a "strict scrutiny rebuttable presumption against notice and probable cause."

The TRO application is problematic on both procedural and substantive grounds.  As to procedure, the court observes that Plaintiff has not demonstrated complete compliance with Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 65-1(b), both of which impose certain prerequisites before an ex parte TRO may issue.  Specifically, Federal Rule of Civil

1    Procedure 65(b)(1)(b) requires the moving party certify "in writing any efforts made to give notice

2    and the reasons why it should not be required."  Similarly, Local Rule 65-1(b) mandates notice to

3    the opposing party "on or before the day of an ex parte temporary restraining order."  The court is

4    unable to find in Plaintiff's application any indication of his effort to comply with either rule.

5    Though the court understands that Plaintiff is representing himself, he is nonetheless expected to

6    comply with the basic rules governing the relief he seeks.  Ghazali v. Moran, 46 F.3d 52, 54 (9th

7    Cir. 1995) (holding that while their pleadings are construed liberally, "pro se litigants are bound

8    by the rules of procedure").

9            On its substance, the application does not convincingly demonstrate that Plaintiff is likely

10   to prevail on the merits of this action, or that there exist "serious questions" sufficient to support

11   temporary injunctive relief.  Though the court is mindful that Plaintiff need not "prove his case in

12   full," or show that he is "more likely than not" to prevail (Univ. of Tex. v. Camenisch, 451 U.S.

13   390, 395 (1981); Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011)), he must demonstrate

14   a "fair chance of success on the merits" or raise questions "serious enough to require litigation."

15   Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315

16   (9th Cir. 1978).  Here, Plaintiff's Complaint, upon which he relies for the facts underlying the

17   TRO application, merely concludes that officers arrested him and issued citations for violations of

18   Vehicle Code § 21954(a) and Penal Code §§ 370 and 372 without probable cause.  Though

19   Plaintiff alleges that these arrests and citations violated his civil rights, there are simply not

20   enough facts "to state a claim that is plausible on its face," let alone show that Plaintiff has a fair

21   chance of success on the merits.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  For

22   example, Plaintiff relies on a legal opinion couched as an allegation; Plaintiff believes he is not

23   violating Vehicle Code § 21954(a) when he is standing in the roadway.  But whether that is true or

24   not is a fact-specific inquiry that must be undertaken by the state court charged with adjudicating

25   the purported citation.  Simply declaring an opinion of legal innocence does not render Plaintiff's

26   claims plausible in this context.

27

28   

4

Case No.: 5:16-cv-06270-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY
RESTRAINING ORDER

United States District Court
Northern District of California

United States District Court
Northern District of California

In addition, Plaintiff has failed to make a "clear showing of irreparable harm." <u>Garcia v. Google</u>, 786 F.3d 733, 746 (9th Cir. 2015). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." <u>Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988). "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." <u>Id</u>. In the TRO application, Plaintiff only describes further injury in a speculative manner. To that end, Plaintiff states he has ceased public speaking because he fears further "police interference and violence." But the possibility of additional interference by law enforcement is not the equivalent of "immediate threatened injury," and does not satisfy Plaintiff's burden on this element. <u>See Winter</u>, 555 U.S. at 22 (rejecting a "possibility" standard in the context of injunctive relief as "too lenient")

Furthermore, it is worth noting that Plaintiff's proposed TRO cannot be harmonized with the purpose of such orders. As described above, Plaintiff requests a detailed and wide-ranging order that, if granted, has the capacity to interfere with the duties of both law enforcement and the state courts. Indeed, Plaintiff appears to seek relief for both himself and other unidentified individuals, proposes requirements that may be inconsistent with MVPD protocol, and provides a legal standard - a "strict scrutiny rebuttable presumption" - that may not otherwise apply in misdemeanor prosecutions under Vehicle Code § 21954(a) and Penal Code §§ 370 and 372. Such drastic modifications, even if ordered on a temporary basis, cannot be undertaken through an application for temporary injunctive relief. <u>See</u> <u>Jones v. H.S.B.C. (USA)</u>, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974) ("The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held.")).

Based on the foregoing, the court concludes that Plaintiff has not made the "clear showing" necessary for the extraordinary remedy he seeks. Consequently, his motion will be denied.

Case No.: <u>5:16-cv-06270-EJD</u>
ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY
RESTRAINING ORDER

## IV.     ORDER

The "Motion for Emergency Temporary Restraining Order" (Dkt. No. 6) is DENIED.


**IT IS SO ORDERED.**

Dated:  November 1, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06270-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY
RESTRAINING ORDER