UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WO OF IDEAFARM,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>  Defendants. | Case No. 5:16-cv-06270-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Re: Dkt. No. 58 |

Plaintiff Wo of Ideafarm ("Plaintiff") filed a First Amended Complaint ("FAC") on January 10, 2017, asserting civil rights violations from an alleged conspiracy between Defendants City of Mountain View (the "City") and County of Santa Clara. Dkt. No. 27. According to the FAC, these violations began in 2009 and have continued "to the present," seemingly in reference to the date upon which Plaintiff filed the amended pleading. Plaintiff now moves to file a supplemental complaint. Dkt. No. 58. The City of Mountain View opposes the request. Dkt. No. 62. The motion is fully-briefed and is suitable for decision without oral argument. Civ. L.R. 7-1(b).

Having reviewed the parties' relevant pleadings along with the record of this action, the court finds, concludes and orders as follows:

1.   A motion for leave to file a supplemental complaint is governed by Federal Rule of Civil Procedure 15(d). The court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The same factors relevant to a Rule 15(a)

1

Case No.: 5:16-cv-06270-EJD
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

motion for leave to amend are generally considered on a Rule 15(d) motion (<u>Yates v. Auto City 76</u>, 299 F.R.D. 611, 614 (N.D. Cal. 2013)), keeping in mind that "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 668 F.2d 1014, 1057 (9th Cir. 1981). Generally, "[t]he party opposing the amendment bears the burden of showing prejudice." <u>In re Fritz Cos. Sec. Litig.</u>, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27, 2003) (citing <u>DCD Programs Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987)).

    2.    "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" <u>Planned Parenthood v. Neely</u>, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations omitted). In the end, "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." <u>Keith v. Volpe</u>, 858 F.2d 467, 473 (9th Cir. 1988).

    3.    Here, Plaintiff states he "expects to file a Supplemental Complaint on a cause of action that arises from Defendant City's one new arrest and imprisonment of Plaintiff, City's new filing to two new public nuisance criminal complaints, Defendant County's new prosecution and failure to provide effective assistance of defense counsel, followed by two new arbitrary adverse rulings by the Superior Court of Santa Clara County that are contrary to both argument and law." He explains further the acts underlying his anticipated supplemental complaint "commenced on or about February 28, 2017," and will "fully ripen on, or within a month or two after, June 5, 2017."

    4.    For its part, the City argues Plaintiff's explanation is vague with respect to what additional claims he intends to add in a Supplemental Complaint. The City also argues that without a copy of the proposed supplemental pleading, it cannot meaningfully respond to Plaintiff's request.

    5.    The court agrees with the City that the reasoning underlying Plaintiff's motion is too vague for the court to understand whether and exactly how Plaintiff's proposed Supplemental

2

Case No.: 5:16-cv-06270-EJD
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Complaint relates to the FAC's present allegations and claims. While, on the one hand, Plaintiff seeks leave to add allegations concerning additional public nuisance counts arising from conduct similar to that addressed in the FAC, he argues, on the other hand, that his proposed cause of action will be based on a new arrest, a new prosecution, and subsequent rulings by the Superior Court. Thus, it is difficult to assess on this showing whether the supplemental pleading is permissible, or whether it would introduce a "separate, distinct and new cause of action." Planned Parenthood, 130 F.3d at 402 (9th Cir. 1997).

6. The lack of clarity is compounded by the fact the motion also seems premature. Indeed, Plaintiff states his additional claims will not ripen until June 5, 2017, or sometime thereafter. Consequently, this request can be classified as a preemptive reservation to supplement the complaint based on circumstances that may or may not materialize. The court is disinclined to provide that sort of reservation without more concrete details.

7. Furthermore, proposed allegations concerning Superior Court orders are potentially problematic under Rule 15(a). Specifically, Plaintiff should observe that leave to amend can be denied if it would constitute an exercise in futility. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). When assessing an amendment for futility, "a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." Stonebrae, L.P. v. Toll Bros., Inc., No. C-08-0221 EMC, 2010 U.S. Dist. LEXIS 1199, at *3, 2010 WL 114010 (N.D. Cal. Jan. 7, 2010) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)).

Depending on the actual allegations, claims challenging orders of the state court could be considered futile under the Rooker-Feldman doctrine. See Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003) ("A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court" but may not "appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties."). But without reviewing either the proposed Supplemental Complaint or additional information about the new

3

claim, the applicability of Rooker-Feldman cannot be determined.

In light of this discussion, Plaintiff's motion for leave to file a supplemental complaint under Rule 15(d) (Dkt. No. 58) is DENIED WITHOUT PREJUDICE. Plaintiff may renew this motion, but should do so only after his additional cause of action becomes ripe. The court also recommends that any renewed motion be accompanied by Plaintiff's proposed supplemental pleading.

**IT IS SO ORDERED.**

Dated: May 22, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06270-EJD
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT
4