UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WO OF IDEAFARM,

          Plaintiff,

    v.

COUNTY OF SANTA CLARA, et al.,

          Defendants.

Case No. 5:16-cv-06270-EJD

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS; DENYING AS
MOOT PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENT TO
FIRST AMENDED COMPLAINT**

Re: Dkt. Nos. 43, 48, 70

Plaintiff Wo Of Ideafarm ("Plaintiff") asserts in a First Amended Complaint ("FAC") that

Defendants City of Mountain View (the "City") and County of Santa Clara (the "County")

violated his civil rights. Dkt. No. 27. Presently before the court are separate motions to dismiss

by the City and the County. Dkt. Nos. 43, 48. Plaintiff opposes the motions.

As will be explained, the court finds the FAC fails to allege plausible causes of action.

The Motions to Dismiss will therefore be granted.

## I. BACKGROUND

The FAC commences with the following statement:

> Plaintiff respectfully complains that one faction of the electorate,
> working in sympathy with local economic and political interests, has
> captures the judicial bench, the board of supervisors, and the
> executive of the County of Santa Clara, as well as the city council
> and the executive of the City of Mountain View, as well as the local
> "news" media organizations and school boards, as has instituted a
> renegade local government that conspires to, under color of
> authority, (1) censor public discourse and (2) establish uniformity of
> thought and (3) impose a regime of "order without liberty" that,
> contrary to all appearances of legitimacy, is a highly organized and
> dangerous internal enemy of the U.S. Constitution (as well as of the

FAC, at ¶ 2.

Plaintiffs alleges the purpose of the conspiracy is to "raise the market value of real property," "to prevent expression of 'politically incorrect' opinions, ideas, and sentiments disfavored by the majority of the electorate and/or powerful local interests," "to impose 'order without liberty' using unconstitutional police practices," and "to obstruct justice in order to accommodate the unconstitutional police practices." Id. at ¶ 17. Plaintiff believes the conspiracy is "not of the form of a political machine" but the result of a "shared animus against persons on the political right and a shared contempt for the restrictions that the U.S. Constitution purports to place on them." Id. at ¶ 22.

Plaintiff has "resisted and opposed this internal enemy, documented its criminal acts, and attempted to expose those acts into the public view." Id. at ¶ 3. As the court understands the allegations, Plaintiff takes part in a "sign-holding speech operation," designated as a "street essay," which includes expressions of his viewpoints that "either conflict with the established political left orthodoxy" or "present clear threats to local economic interests." Id. at ¶¶ 3, 6.

Plaintiff alleges that from 2009 through the present, the City and the County have conspired to deny his civil rights. Id. at ¶ 3. For example, he alleges the City committed "over 200 acts or omissions in over 200 incidents on over 200 separate days during approximately 15 months ending January 14, 2011," including "unreasonable police enforcement, investigative detentions, pretrial imprisonments, batteries, confiscation or destruction of speech or other equipment or property, defamation and slander." Id. at ¶ 15. City police officers have cited Plaintiff as a "pedestrian in the roadway" or "pedestrian in crosswalk" under California Vehicle Code §§ 21950(b), 21954(a), and 21956(a). Id. at ¶ 8. These incidents resulted in "three notices to appear" and only one infraction conviction. Id. at ¶ 15.

For its part, Plaintiff alleges the County displayed a "pattern or practice or policy" of imprisoning Plaintiff for a number of days in excess of his true sentence, that it erroneously

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED
COMPLAINT

1  calculates release dates, and that it conspires to cover up this practice." Id. at ¶ 16.

2  Together, Plaintiff alleges the City and the County conspired to obtain misdemeanor public

3  nuisance convictions under California Penal Code §§ 370 and 372 "without probable cause, and

4  without legal authority." Id. at ¶ 9.

5  Plaintiff initiated this action on October 31, 2016, and filed the FAC on January 10, 2017.

6  He asserts two causes of action against the City and the County: one under 42 U.S.C. § 1983, and

7  one under 42 U.S.C. § 1985. The instant motions followed.

8  **II.    LEGAL STANDARD**

9      **A.    Federal Rule of Civil Procedure 12(b)(6)**

10  Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

11  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

12  it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

13  The factual allegations in the complaint "must be enough to raise a right to relief above the

14  speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that

15  falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief

16  can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only

17  where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

18  legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

19  When deciding whether to grant a motion to dismiss, the court must generally accept as

20  true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court

21  must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop.

22  Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014)

23  (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a

24  Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion

25  couched as a factual allegation." Iqbal, 556 U.S. at 678.

26  Also, the court usually does not consider any material beyond the pleadings for a Rule

27  Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT
28  PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED
COMPLAINT

3

1    12(b)(6) analysis. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n. 19

2    (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or

3    relied upon in the complaint, and material subject to judicial notice. <u>See</u> <u>Lee v. City of Los</u>

4    <u>Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).

5        **B.    Pro Se Pleadings**

6        Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be

7    construed liberally. <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court

8    "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

9    every reasonable or warranted factual inference in the plaintiff's favor." <u>McKinney v. De Bord</u>,

10   507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the

11   frequently diffuse pleadings of pro se complainants." <u>Id</u>. But pro se parties must still abide by the

12   rules of the court in which they litigate. <u>Carter v. Comm'r of Internal Revenue</u>, 784 F.2d 1006,

13   1008 (9th Cir. 1986). Moreover, the court may not "supply essential elements of claims that were

14   not initially pled." <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir.

15   1982).

16       A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the

17   plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

18   <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).

19   **III.    DISCUSSION**

20       **A.    Cause of Action under 42 U.S.C. § 1983**

21       The City and the County argue the FAC does not contain sufficient factual allegations to

22   state a plausible § 1983 cause of action against either entity. The court agrees.

23       At the outset, it is important to specify the standard utilized when examining allegations

24   for plausibility. More generally, a claim is plausible on its face "when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. More specifically, the analysis has two steps:

27   Case No.: 5:16-cv-06270-EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT
28   PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED
     COMPLAINT

4

United States District Court
Northern District of California

First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014).

Turning to § 1983, that statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). Consequently, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

In addition, the court observes that Plaintiff sues only municipalities in the FAC. The Supreme Court has held that "a municipality may only be sued under section 1983 if the action that is alleged to be unconstitutional implement [ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or the city made a deliberate or conscious choice to fail to train its employees adequately." Boyd v. Benton Cty., 374 F.3d 773, 784 (9th Cir. 2004) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Mackinney v. Nielsen, 69 F.3d 1002, 1010 (9th Cir. 1995)) (internal citations and quotation marks omitted). In shorthand, this doctrine is known as Monell liability.

For Monell liability to attach, a plaintiff must allege more than simply the existence of a purportedly unconstitutional policy or custom. Rather, a Monell plaintiff must establish "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 384 (1989).

Taking these authorities into account, the FAC does not plead a plausible cause of action under § 1983 against either the City or the County. Though Plaintiff makes some reference to his interactions with City police officers and other officials, the FAC does not sufficiently identify

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED
COMPLAINT

5

1   which of his constitutional or federal rights were violated during any particular incident. For

2   example, paragraph 6 of the FAC lists several ways in which the City and the County allegedly

3   deprived "Plaintiff of the equal protection of the laws or of equal enjoyment of privileges or

4   immunities under the laws." But what is missing is any statement of which federal rights or laws,

5   other than § 1983, were violated. The court cannot presume or supply these facts even under a

6   liberal review of the pleading. See Ivey, 673 F.2d at 268. That information must be alleged in the

7   FAC for the § 1983 claim to be plausible; otherwise, the FAC merely recites the elements of a

8   cause of action without suggesting an entitlement to relief. See Eclectic Props., 751 F.3d at 996.

9        Furthermore, the FAC does not sufficiently describe "a policy statement, ordinance,

10   regulation, or decision officially adopted and promulgated" by the City and the County for the

11   purposes of Monell liability. See Boyd, 374 F.3d at 784. As it stands, the FAC only alleges a

12   city-county conspiracy rooted in the capture of local governmental organizations by "one faction

13   of the electorate" who purportedly directed the City and the County to wield police power contrary

14   to law "as a matter of pattern or practice or policy." That allegation is to conclusory to be

15   accepted for its truth because the FAC does not explain, with facts, why this conspiracy satisfies

16   the definitions of either policy or custom, as those two terms are defined for the purpose of

17   Monell. See Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008) (defining "policy" under

18   Monell); see also Los Angeles Police Protective League v. Gates, 907 F.2d 879, 890 (9th Cir.

19   1990) (defining "custom" under Monell). In short, Plaintiff has not pled the existence of a

20   qualifying policy or custom with respect to either the City or the County.

21        Finally, Plaintiff has not alleged that any purported policy or custom was the direct cause

22   of any yet-unidentified constitutional deprivation. See Canton, 489 U.S. at 384. Indeed, Plaintiff

23   must first sufficiently identify both the violation and the policy or custom before the court can

24   assess whether the latter plausibly caused the former.

25        The court finds the FAC does not impart "fair notice" of a § 1983 cause of action against

26   the City and the County. It will be dismissed with leave to amend.

27   Case No.: 5:16-cv-06270-EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT
28   PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED
     COMPLAINT

### B. Cause of Action under 42 U.S.C. § 1985

The other cause of action asserted in the FAC arises under § 1985(3), which prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It fails for two reasons.

First, to the extent it shares allegations with the § 1983 cause of action, it must be dismissed. See Caldeira v. Cty. of Kauai, 866 F.2d 1175, 1182 (9th Cir.1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.").

Second, Plaintiff has not plausibly established he qualifies to bring a claim under § 1985(3) in any event. The Supreme Court has held that § 1985(3) may apply to conspiracies motivated by a "class-based, invidiously discriminatory animus" other than racial discrimination. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Under this construction of the statute, the Ninth Circuit has extended it "beyond race only when the class in question can show that there has been a governmental determination that its members 'require and warrant special federal assistance in protecting their civil rights.'" Schulz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (quoting DeSantis v. Pac. Telephone & Telegraph Co., 608 F.2d 327, 333 (9th Cir.1979)). More specifically, the Ninth Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." Id.

Here, the alleged conspiracy is one against "the political right," of which Plaintiff is presumably a member. But Plaintiff does not allege or convincingly argue the existence of a "governmental determination that such a class merits special protection." Id. Furthermore, it is questionable whether § 1985(3) at all applies to "wholly political, non-racial conspiracies," which description seems to encompass the conspiracy alleged in the FAC. Id. (citing United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 836-37 (1983).

For these reasons, the § 1985(3) cause of action will be dismissed with leave to amend. If

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED COMPLAINT

1  Plaintiff chooses to reassert this claim, he must include allegations establishing his membership in

2  a qualifying class in a manner that accords with the preceding discussion.

3  **IV.  ORDER**

4  Based on the foregoing, the Motions to Dismiss (Dkt. Nos. 43, 48) are GRANTED.  All

5  causes of action are DISMISSED WITH LEAVE TO AMEND.   Any amended complaint must be

6  filed on or before **October 13, 2017.**

7  Because Plaintiff has been permitted leave to amend in connection with this ruling, the

8  court finds his Motion for Leave to File a Supplement to the First Amended Complaint (Dkt. No.

9  70) largely moot, in that Plaintiff may include more detailed or more current allegations in a

10  Second Amended Complaint.  That motion is therefore DENIED and the hearing scheduled for

11  September 28, 2017, is VACATED.

12  However, Plaintiff is advised that the scope of leave to amend provided by this order does

13  not permit him to add new claims or new parties to this action without first obtaining the

14  defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.  Thus,

15  Plaintiff will need to file a noticed motion to request such relief if necessary.

16

17  **IT IS SO ORDERED.**

18  Dated:  September 25, 2017

19

20  EDWARD J. DAVILA
United States District Judge

21

22

23

24

25

26

27  Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT

28  PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED
COMPLAINT

8