UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WO OF IDEAFARM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　Defendants. | Case No. 5:16-cv-06270-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 94, 95 |

Plaintiff Wo of Ideafarm is a "street essayist" who alleges in this action that Defendants City of Mountain View (the "City") and the County of Santa Clara (the "County") violated his constitutional rights by exposing him to "police harassment" and "overwhelming frivolous criminal prosecution." They City and the County now move to dismiss Plaintiff's Second Amended Complaint ("SAC"). Dkt. Nos. 94, 95. Plaintiff opposes.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. These matters are suitable for decision without oral argument. Civ. L.R. 7-1(b). Because the SAC does not state plausible claims against either defendant, the motions to dismiss will be granted for the reasons explained below.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

According to Plaintiff, he began a "speech operation" in 2006 by mounting large signs on a minivan displaying messages, such as "DON'T BE SELFISH - MAKE LIFE BETTER" and "COME, EAT WITH US." SAC, Dkt. No. 90, at p. 22. Plaintiff initially planned to travel throughout the United States, but "police harassment" forced him to eventually limit the operation to Mountain View. Id. Once there, Plaintiff began to use the "'street essay' general method of spontaneous direct speech," in which he would display once sentence per day of an entire essay or speech. Id. at p. 23. To "engage" his audience, Plaintiff would "use humor and indecency, and would alternate mild, pleasant themes with provocative and at times incendiary themes." Id.

Plaintiff alleges that police harassment was "manageable" until August, 2010, when "a federal judge struck down California's constitutional provision limiting marriage to a 'man and a woman.'" Id. In response, Plaintiff began to "speak against queer marriage." Id. Plaintiff states that both "private violence and police harassment quickly became overwhelming" once he did so, and that the County, the City and the "Bench" attempted to end his operation. Id. He alleges the "attacks" continued through 2016, and he recounts many in the SAC. Id. at pp. 30-41.

Plaintiff further alleges that:

> In Santa Clara County, a decisive majority faction exists that is both substantially and procedurally "political left". This faction captured and perverted institutions of government to establish a renegade plutocratic local government that maintains a mere charade of constitutionality. (Whenever the Constitution conflicts with Money, Money prevails.)

SAC, at p. 7.

Plaintiff contends the "political left" majority has engaged in "speech rights discrimination motivated by invidious animus against the political right," and that the City, the County and the "Bench" conspired "to use force and violence and threats of force or violence, including deadly force," to silence him. Id. at pp. 7, 19. For example, Plaintiff alleges the City deprived him of various rights using police harassment and "frivolous criminal prosecution," and that the County violated his rights by providing "ineffective and treacherous defense counsel" and "causing cancer" to appear and grow more aggressively. Id. at pp. 12-13.

Plaintiff filed the original complaint directly in this court on October 31, 2016, and a First Amended Complaint ("FAC") on January 10, 2017. Dkt. No. 27. The court granted motions to dismiss the FAC brought by the City and the County on September 25, 2017. Dkt. No. 85. Plaintiff then filed the SAC, which asserts causes of action under 42 U.S.C. §§ 1983 and 1985(3). The instant motions followed.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

2

specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff (Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014)), even those facts that strike a "savvy judge" as improbably or unlikely to result in recovery. Twombly, 550 U.S. at 556. However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

**B.    Pro Se Pleadings**

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). This is particularly true when a pro se plaintiff asserts civil rights violations. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

However, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor."

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
3

McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). Rather, the court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. But pro se parties must still abide by the rules of the court in which they litigate. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

**III. DISCUSSION**

As they did in response to the FAC, the City and the County argue the SAC does not contain sufficient factual allegations to state plausible causes of action under §§ 1983 and 1985(3). Re-engaging well-established pleading principles and applying them to the SAC, the court must agree.

**A. General Authority Governing Plausibility**

The last dismissal order defined Rule 8's pleading requirement. It is worth repeating and refining here. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plaintiff must rely on "well-pleaded factual allegations," which the court can assume are true, and not on legal or factual conclusions, which are not entitled to an assumption of truth. Id. at 679; accord Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (holding the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Recognizing this principal, the Ninth Circuit has established a procedure for determining the plausibility of a complaint's allegations:

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
4

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

It is also important to note that when "determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998)

### B. Application to the SAC

The court now applies the plausibility standard defined above to the two types of claims asserted in the SAC.

#### i. Cause of Action under § 1983

The court understands based on the amended allegations that Plaintiff alleges a conspiracy under § 1983. SAC, at p. 19 (quoting Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999)). To establish a § 1983 conspiracy claim, Plaintiff must allege facts demonstrating: "'(1) the existence of an express or implied agreement among the defendant[s] [] to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.'" Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010) (citing Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991)).

Since Plaintiff names only municipalities as defendants, he must allege a policy, practice, or custom that causes the constitutional violation within the conspiracy elements. See Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 694 (1978); see also Trevino v. Gates, 99 F.3d

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
5

911, 918 (9th Cir. 1996). Indeed, "[a] municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff has not stated a plausible § 1983 claim against either the City or the County under this framework. As to both defendants, Plaintiff concludes that a "pattern or practice or policy" exists to deprive him of constitutional rights. See, e.g., SAC, at p. 4 ("Over the about nine year period 2009-2017, the City of Mountain View ("City") willfully, knowingly, and maliciously, as pattern or practice or policy, attacked me with overwhelming police harassment and frivolous criminal prosecution."). But "it is not enough to state that there is a policy and the policy amounted to deliberate indifference to various constitutional rights . . . ; there must be facts showing the plausibility of those statements." Herrera v. City of Sacramento, No. 2:13-cv-00456 JAM-AC, 2013 WL 3992497, at *8 (E.D. Cal. Aug. 2, 2013). Conspicuously missing from the SAC are any supporting allegations describing either a formally adopted policy of the City or the County, or an allegation of a widespread pattern of other similar behavior on the part of the City and the County. See Boyd v. Benton Cty., 374 F.3d 773, 784 (9th Cir. 2004) ("[A] municipality may only be sued under section 1983 if the action that is alleged to be unconstitutional implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or the city made a deliberate or conscious choice to fail to train its employees adequately."); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) (defining a formal municipal policy as "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (defining an informal municipal policy as "the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law'").

Instead, the alleged factual predicate for the § 1983 conspiracy claim is specific conduct toward Plaintiff alone, along with an assumption that the conduct must arise from an official

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

6

policy, practice or custom to deny him constitutional protections.  To be sure, Plaintiff recounts a long history of personal interactions with law enforcement and the state legal system.  Even if these factual allegations describing Plaintiff's experiences are liberally construed and credited as true, they raise only the possibility of misconduct prohibited by § 1983; they do not support a plausible inference that the defendants violated Plaintiff's rights based on an official policy, formal or otherwise.  See Eclectic Props., 751 F.3d at 996.

Plaintiff's theory concerning the appointment of "ineffective and treacherous defense counsel" illustrates the point.  Plaintiff merely concludes that counsel appointed to represent him in various criminal actions was inadequate, but does not identify, with supporting facts, any County policy or practice underlying the allegedly deficient appointments, or explain how the actions of decision-makers were in accordance with that policy or constituted a policy.  In that way, the allegations of the SAC are distinguishable from those found sufficient in cases like Miranda v. Clark County, Nevada, since they do not describe something akin to "a deliberate pattern or policy of refusing to train lawyers for capital cases known to the county administrators to exert unusual demands on attorneys."  319 F.3d 465, 471 (9th Cir. 2003) (en banc).  Plaintiff's opposing arguments on this topic, which rely on inference and opinion regarding the expense, riskiness and dangerousness of the "joint attacks" as well as speculation about the role of "Big Money," does not alter the analysis.

Similarly, allegedly wrongful actions by employees of the City or the County do not satisfy Monell when not accompanied by plausible allegations of official policy or custom.  Monell itself makes clear that "a municipality cannot be held liable under § 1983 on a respondeat superior theory."  436 U.S. at 691; accord Flores v. Cty. of Los Angeles, 758 F.3d 1154, 1158 (9th Cir. 2014) ("Neither state officials nor municipalities are vicariously liable for the deprivation of constitutional rights by employees.").  "Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible."  Long, 442 F.3d at 1185.  Thus, though the SAC apparently implicates the decisions of several individuals, their conduct as alleged does not translate into policy or custom for the purpose of municipal

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
7

liability.

Furthermore, the court cannot find that the SAC is premised on the decisions of a "final policymaker" of the County, even when liberally construed. See Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003) ("A municipality can be liable even for an isolated constitutional violation, however, when the person causing the violation has final policymaking authority."). There are no plausible allegations supporting such a theory in the SAC; that is, the pleading is missing allegations explaining that any named official is "responsible for establishing final government policy respecting such activity." Pembaur, 475 U.S. at 482. "The fact that a particular official - even a policymaking official - has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." Id. at 481-82. The purported "imputed participation" of certain officials, which Plaintiff argues implicates the County in the alleged conspiracy, sounds much like a derivative of vicarious liability and is not enough under Monell.

In any event, the County cannot be held liable as a matter of law for District Attorney Jeff Rosen's decision to prosecute Plaintiff "in all cases" since the Ninth Circuit has found it "clear that the district attorney acts on behalf of the state when conducting prosecutions" in California. Goldstein v. City of Long Beach, 715 F.3d 750, 759 (9th Cir. 2013). Plaintiff may disagree with the Ninth Circuit, but this court is bound to follow its holding. See In re Zermeno-Gomez, 868 F.3d 1048, (9th Cir. 2017). Nor can the court consider the additional statements about other County officials made in Plaintiff's written opposition since they are not reflected by plausible allegations in the SAC. See Schneider, 151 F.3d at 1197 n. 1.

For these reasons, the § 1983 claim against the City and the County will be dismissed.

### ii. Cause of Action under § 1985(3)

The court now turns to allegations under § 1985(3), a statute prohibiting conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." The SAC's version of the claim remains defective.

As before, any cause of action under § 1985(3) must be dismissed to the extent it shares

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

8

allegations with the one under § 1983 since the latter claim will again be dismissed. See Caldeira v. Cty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.").

Additionally, the SAC still does not establish Plaintiff's ability to assert a claim under § 1985(3). In the order dismissing the FAC, the court advised Plaintiff he must include allegations establishing his membership in a qualifying class in order to proceed. The court explained that though the Supreme Court has held that § 1985(3) may apply to conspiracies motivated by a "class-based, invidiously discriminatory animus" other than racial discrimination (Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)), the Ninth Circuit has extended it "beyond race only when the class in question can show that there has been a governmental determination that its members 'require and warrant special federal assistance in protecting their civil rights.'" Schulz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (quoting DeSantis v. Pac. Telephone & Telegraph Co., 608 F.2d 327, 333 (9th Cir. 1979)). More specifically, the Ninth Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." Id.

Much like he did in the FAC, Plaintiff defines the § 1985(3) conspiracy as against "the political-right minority faction" or the "procedural political-right faction," a group he argues warrants special protection. But Plaintiff has not cited a "governmental determination that such a class merits special protection," despite the court's instruction that he do so. Id. Furthermore, it is questionable whether § 1985(3) applies at all to "wholly political, non-racial conspiracies," which description seems to capture the conspiracy alleged in the SAC. Id. (citing United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 836-37 (1983)).

The § 1985(3) cause of action will also be dismissed.

## C. Leave to Amend

The court must now decide whether Plaintiff should be permitted leave to amend, which is

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

9

generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Leave to amend may also be denied for "failure to cure deficiencies by amendments previously allowed." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Here, Plaintiff was previously advised why his § 1983 cause of action failed under Monell. He was also specifically instructed to include in any amended complaint allegations identifying a class capable of seeking relief under § 1985(3). Plaintiff has failed to remedy these deficiencies and the court is unaware of additional facts that could result in sufficiently-pled claims. As such, the court finds that permitting further amendment would be futile at this point, and will dismiss all causes of action without further leave to amend.

## IV. ORDER

Based on the foregoing, the Motions to Dismiss (Dkt. Nos. 94, 95) are GRANTED. All causes of action in the SAC are DISMISSED WITHOUT LEAVE TO AMEND. The hearing scheduled for January 25, 2018, is VACATED.

Any additional matters are TERMINATED and VACATED. Judgment will be entered in favor of defendants, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 12, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06270-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
10